IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ESSEX INSURANCE COMPANY,                          PLAINTIFF,

VS.                                                  CIVIL ACTION NO. 4:05CV102-P-B

GREENVILLE CONVALESCENT HOME,
INC.; BETTY SCOTT, ET AL.,                           DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' Motion to Dismiss [11-1] pursuant to Fed. R. Civ. P. 12(b)(6). After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case. *E.g., Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). On a Rule 12(b)(6) motion, the court's inquiry is essentially limited to the content of the complaint. *E.g., Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), *cert. denied* 513 U.S. 868. While deciding a Rule 12(b)(6) motion, allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *E.g., Shipp v. McMahon*, 234 F.3d 907 (5th Cir. 2000), *cert. denied* 532 U.S. 1052.

The test usually applied to determine the sufficiency of the complaint was set out in *Conley v. Gibson*, 355 U.S. 41 (1957). Justice Black, writing for the majority, wrote:

> [I]n appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45-46.

In any event, a dismissal under Rule 12(b)(6) is not final and the court may normally give leave for a plaintiff to file an amended complaint. *E.g., Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000). "The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading." 5B Fed. Prac. & Proc. Civ.3d § 1357.

Having evaluated the instant motion to dismiss under these standards, the court concludes that the motion should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [11-1] pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**.

**SO ORDERED** this the 8th day of August, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE